# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA FOX, ON BEHALF OF HERSELF AND AS NEXT FRIEND TO C.M.R., A MINOR,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF TULARE, LETICIA CASTANEDA, ERICA SOTO, RON CASTANEDA, JULIA LANGLEY, CAROL HELDING, JOHN ROZUM, STEVEN ROGERS and DOES 1-100,<br><br>Defendants. | Case No. 1:11-cv-00520-AWI-SMS<br><br>ORDER REGARDING PLAINTIFF'S AMENDED MOTION TO COMPEL<br><br>(Doc. 80) |

On June 20, 2013, Plaintiff filed the instant motion to compel. Doc. 80. In support of this motion, Plaintiff on July 2, 2013 moved to file documents under seal (doc. 82); the Court granted this motion on July 12, 2013. Doc. 82. The parties filed their joint Local Rule 251 stipulation and exhibits on July 10, 2013. Doc. 85, 86. To expedite review, the Court on July 19, 2013 ordered the production of personnel files of Plaintiff's certified questions and, in the meantime, stayed discovery and discovery deadlines. Doc 89, 92.

In this order, the Court addresses the remainder of Plaintiff's individual requests.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues in the case, it is not limited to the precise issues raised in the pleadings. *Id.* at 350-51. "The question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Panuci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

A motion to compel is appropriate where a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3). If a party, in response to a request for production under Rule 34, fails to produce or permit inspection, the discovering party may move for an order compelling production. *Id.* An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P 37(a)(4). The party seeking the motion to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are deficient.

## GENERAL ISSUES

### Attorney-Client and Work-Product Privileges

Plaintiffs argue that Defendant waived the attorney-client and work-product privileges. A subject matter waiver "is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." Fed.R.Evid. 502(a) Advisory

2

Committee Note (2011). Where the waiver is intentional, it extends to additional undisclosed materials which "concern the same subject matter" and "ought in fairness to be considered together" with the disclosed information. FRCP 502 (c)(1), 502 (a).

Plaintiffs claim that the privilege was waived when Defendant voluntarily gave a privileged memorandum dated December 4, 2008 to Family Court mediator Lourdes Dawson. *See* Doc. 91, ex. 7. The first page of this two-page exhibit is a fax cover sheet dated April 2009, in which Ms. Dawson tells Ms. Castaneda that she has information regarding CMR from before August 2008 and requests information regarding CMR from that time forward. She says she needs this information for a May 2009 hearing in the custody case between Ms. Fox and Mr. Rogers in Family Court. Ms. Dawson adds that she has attached "a copy of what I had sent [to] [name illegible]." The second page of the fax is, apparently, the referenced attachment. This is the December 4, 2008 memo in question, an email from attorney John Rozum to Leticia Castaneda, summarizing a conversation in which Erica Soto was also present. It contains material which, the parties do not dispute, was previously subject to the attorney-client and work product privileges.

Defendants argue that it has not waived any privileges because the conditions in FRCP 502 have not been satisfied. Addressing Rule 502's "same subject matter" element, Defendants ascribe a limited "purpose" to the memorandum: to "memorialize a conversation with social workers requesting advice on the necessity of a warrant." Somewhat tangentially, Defendant elaborates that it has already produced all "conversations between social workers and their County attorneys." *See* Doc. 85 at 20-21. (Plaintiffs, by contrast, characterize the subject matter of the memo as "CWS's intention to remove C.M.R." *Id*.) Furthermore, addressing Rule 502's requirement of "intentional" waiver, Defendant argues that "there is no evidence that the social workers intentionally waived the attorney-client privilege by providing the document to the Family Court mediator." (Plaintiffs, by contrast, allege that the document was given to Ms. Dawson "for the purposes of convincing her CWS was serious about removing CMR from Ms. Fox." *See* Doc. 85 at 13-14.)

"There is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *See Phoenix Solutions, Inc.*

*v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D.Cal.2008). Here, although the circumstances of the disclosure are unclear, Defendant does acknowledge that this memo is "identical" to handwritten notes recorded by attorney Carol Helding the previous day (Stip. at 21); Defendant disclosed that memo in discovery "to support its affirmative defense of qualified immunity." *Id.*[1] As to the nature of the legal advice sought, the document supports Defendant's claim that this was a decision whether to obtain a warrant. The remaining factor, prejudice, implicates privacy interests which the Court can address *in camera*.

Defendant has too narrowly interpreted the subject matter of this document. Although the legal advice sought concerns a decision to obtain a warrant, the premise for that conversation also includes the assessment as to whether CMR is "at risk" under the current custody arrangements. Furthermore, the limited evidence available to the Court indicates that this waiver was intentional. Although Defendants now deny that their disclosure of the document to Ms. Dawson constitute an intentional waiver of the privilege, Defendants previously acknowledged to Plaintiffs that they "intentionally waived the attorney-client privilege as to writings reflecting discussions between Erica Soto, Leticia Castaneda and County Counsel regarding the underlying matter." *See* Plaintiff's Ex. 5 (Doc. 86-2, p. 20). Although Defendant claims that it only intended this waiver in certain respects, the Court finds it most likely that the waiver extended into the matters relevant to Ms. Dawson's role in the family court's custody determination.

The Court finds that the attorney-client and work-product privileges have been waived to a limited extent. The waiver was made by Defendant County of Tulare only, not by individual defendants (a distinction which should rarely make a difference). It extends to materials concerning the "subject matter" of the December 4, 2004 memo (which includes the credibility of Ms. Fox's allegations in the memo, Ms. Fox's fitness as a custodian over CMR, etc.), to the extent that this subject matter was relevant to Ms. Dawson's role in the family court litigation (which appears to include evaluating the fitness of Ms. Fox as a custodian and the credibility of her complaints).[2]

---

[1] The Court notes that "[s]ubstantial authority holds the attorney-client privilege to be impliedly waived where the client asserts a claim *or defense* that places at issue the nature of the privileged material." *Bittaker v. Woodford,* 331 F.3d 715, 719 (9th Cir.2003) (emphasis added).

[2] Plaintiff's second and fifth claims of waiver (*see* exhibit 8, filed under seal (Doc. 91)) are coextensive with the waiver discussed above. As to Plaintiff's third claim, the Court has not been provided any context for why an *in camera* review by Judge Silviera would have constituted a waiver of privilege, and thus cannot find waiver here. The remaining claim

4

**<u>Private Information</u>**

Despite claims of privilege, personnel files are discoverable in federal question cases. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n. 6 (9th Cir.1987) (citations omitted). While this Court may give some weight to privacy rights protected by state statutes, the "ultimate responsibility for deciding how much weight to ascribe to such interests, and how that weight compares with the significance of competing interests, must reside with the federal courts." *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D.Cal. 1987).

Where the official information privilege is claimed and no other valid privilege applies, the Court will resolve the claim by *in camera* review. See below.

**<u>Welfare and Institutions Code 817</u>**

California Welfare and Institutions Code section 827 limits the inspection and release of juvenile court records. Federal courts are not bound by state law and may authorize these disclosures. *See Horn v. Hornbeak*, 1:08CV1622 LJO DLB, 2010 WL 1027508 (E.D. Cal. Mar. 18, 2010). Nevertheless, comity requires that this law "be respected if at all possible," weighing "the needs of this case" against "the state interest in keeping the juvenile information confidential." *Maldonado v. Sec'y of Cal. Dept. of Corrections and Rehabilitation*, 2007 WL 4249811, *5 (E.D.Cal.2007) (granting motion to compel in in 1983 action).

"The *sine qua non* for application of the analysis is a requirement that the information sought be significantly relevant to the issues in the case. The less significant the information, the more likely the court will keep the information confidential." *Id.* Assuming significant relevancy, "[t]he court considers the following factors in determining the scope of protection to be accorded in the privacy context: (1) the probable encroachment of the individual's privacy right if the contested action is allowed to proceed, and the magnitude of that encroachment; (2) whether the encroachment of the privacy right would impact an area that has traditionally been off limits for most regulation [i.e., an area where privacy concerns have traditionally been respected]; (3) whether the desired information is available from other sources with less encroachment of the privacy right; (4) the extent to which the exercise of the individual's privacy rights impinge on the rights of others; and (5) whether the

---

relates to Plaintiff's Request to Produce set five. Doc. 85 at 15. Defendant describes certain documents as responsive but subject to privilege. Doc 85-2 at 32. This does not constitute waiver.

5

interests of society at large encourage a need for the proposed encroachment." *Pagano v. Oroville Hospital,* 145 F.R.D. 683, 698-699 (E.D.Cal.1993).

Where this privilege is claimed and no other valid privilege applies, the Court will resolve the claim by *in camera* review. See below.

## SPECIFIC REQUESTS

**Request to Produce, Sets #1 and #3**

These requests for production will be addressed by *in camera* review of personnel files as previously ordered.

**Request to Produce, Set #4**

| | |
|---|---|
| **Set 4, #2:** (page 56) | (Certain electronic media in possession of county counsel containing images from computer belonging to Steven Rogers) – Defendant states that is "has produced all items responsive to this request." Stip. at pp. 142-143; *see* Doc 85-3 at p. 11. Based on this representation, the motion to compel is denied. |
| **Set 4, #1:** (57) | (Certain electronic media made or obtained by any social worker investigating mistreatment in which CMR was named) – Defendant is ordered to clarify its response to this request. *See* Stip. at pp. 57, 142-43. If Defendant intended the same response as given to RFP#2 above, then the Court will accept this representation and will deny the motion to compel. |
| **Set 4, #4-#5** (13, 20, 59-60, 143) | (Entire County Counsel file pertaining to Fox v Rogers (Superior Court case) and Matter of CMR (Juvenile Court case)) – Defendant shall determine whether any of the requested documents are now discoverable in light of the waiver of the attorney-client and work-product privileges described above. To the extent that Defendant believes that any of these documents are nevertheless protected by the Official Information Privilege, Defendant shall submit these to the Court for *in camera* review. Otherwise the motion is denied. |
| **Set 4, #6** (17, 24, 62, 144) | (All documents held by Tulare CWS and HHS pertaining to any abuse allegations made by Plaintiff Fox against any adult male) – To the extent that responsive documents have not been disclosed solely on account of the official information privilege or Welfare and Institutions Code section 827, Defendant shall submit these to the Court for *in camera* review. Otherwise the motion is denied. |
| **Set 4, #7** (64, 143) | (All documents pertaining to marked entries in Julia Langleys' motion for attorney's fees) – The attorney-client privilege has not been waived as to this |

material. The motion to compel is denied.

**Set 4, #8** (65, 143) (A "transaction listing report" and time records) – In its discovery response, Defendant's principal objections were the official information privilege and privacy. Stip. at 65. Defendant also noted that a "transactional listing report" is not an existing document but must be specifically generated. Later, in its response to Plaintiff's motion to compel, Defendant raised the attorney client privilege for the first time. *Id*. at 143. In light of this late assertion of the privilege, Defendant shall submit this document to the Court for *in camera* review.

**Set 4, #9-#10** (67, 144-45) ("All complaints" on certain topics made to various county agencies) – These requests are denied as burdensome and oppressive.

**Set 4, #10-#17** (71-72) (Additional requests regarding Leticia Castaneda's personnel file) – Defendant represents that Plaintiffs "clearly are already in possession of" this material, which they have "acquired by subpoena." Based on this representation, these motions to compel are denied.

**Set 4, #18-#19** (73-74, 144) (Documents identified in certain "authorization to release" forms signed by Steven Rogers) – Defendant is ordered to clarify its response to these requests. On the one hand, Defendant states that it "has produced the requested records in County's possession and control in this litigation and Plaintiffs are believed to be in possession of all records identified in the authorizations." Stip. at 145. The Court is inclined to rely on this representation and deny the motion. However, Defendant also cites, e.g., the lack of a protective order as a reason why it cannot disclose responsive documents. This response implies that certain of the requested documents have not been produced, and begs for clarification.

**Set 4, #21** (13, 20, 76, 143) (All correspondence between County Counsel and defendants regarding Fox, Rogers, or CMR, from 12/2005 to 10/2011) – Defendant claims attorney-client and work-product protection. Plaintiffs claim waiver. Defendant shall determine whether any of the requested documents are now discoverable in light of the waiver by Defendant Tulare County described above. To the extent that Defendant believes that any of these documents are nevertheless protected in light of its other objections (compound / overbroad), Defendant shall submit these to the Court for *in camera* review.

**Set 4, #22** ("All documents" in possession of relevant county agencies regarding the

7

| | |
|---|---|
| (77) | December 4, 2008 conference call) – Defendant shall determine whether any of the requested documents are now discoverable in light of the waivers described above. To the extent that Defendant believes that any of these documents are nevertheless protected in light of Welfare and Institutions Code section 827 or other confidentiality laws, Defendant shall submit these to the Court for *in camera* review. Otherwise the motion is denied. |
| **Set 4, #23-49** (79-121, 145) | ("All documents" relating to specific phrases in the December 4, 2008 call) – Defendant shall determine whether any of the requested documents are now discoverable in light of the above-mentioned waivers of privilege by Defendant Tulare County. To the extent that Defendant believes that any of these documents are nevertheless protected in light of the other identified objections, Defendant shall submit these to the Court for *in camera* review.<br><br>The Court notes that the entry regarding these documents in Defendants' privilege log is vague. *See* Doc. 86-5 at p.4. Although Defendant asserts the attorney-client privilege, this entry does not mention this privilege. Furthermore, it identifies communications with attorney Seth Goldstein; the Court does not see why such communications would fit any of the privileges claimed. To the extent that Defendant identifies responsive documents which it believes should not be produced, Defendant must be more specific as to the objection claimed. |
| **Set 4, #50** (121, 145) | ("All documents" in possession of relevant county agencies regarding the "similarities between these requests [for records] and the repeated accusations in the family law matter," as stated in the 11/9/2009 memorandum of law by Carol Helding, Bates #425.) – While the Court is mindful of Defendant's overbreadth argument, Defendant shall determine whether any of the requested documents are now discoverable in light of the above-mentioned waivers of privilege by Defendant Tulare County. To the extent that Defendant believes that any of these documents are nevertheless protected in light of the other identified objections, Defendant shall submit these to the Court for *in camera* review. |

**Request to Produce, Set #5**

| | |
|---|---|
| **Set 5, #8-12, 18, 20** (123-133) | ("All documents" containing facts forming the basis for specific affirmative defenses) – As the Court explained in its general discussion of waivers of privilege, Plaintiff has not offered a reason why Defendant should be deemed to have waived privileges as to "County Counsel files, ProLaw entries in County Counsel's information management system, [or] emails of Helding, Rozum and Langley." |

|   |   |
|---|---|
|   | However, Defendant shall determine whether any of the requested documents are now discoverable in light of the above-mentioned waivers of privilege by Defendant Tulare County. To the extent that Defendant believes that any of these documents are nevertheless protected in light of the other identified objections, Defendant shall submit these to the Court for *in camera* review. |
| **Set 5, #22** (134, 146) | ("All documents" created by any people in Defendant's Rule 26 Initial Disclosure Statement) – This request represents 58 people. Plaintiff in its response also acknowledges that the request was overbroad, and belatedly attempts to narrow the request to any such documents *concerning CMR and Ms. Fox*, created after December 2005. The Court is mindful of Defendant's objections, and finds the request overly broad and vague as framed. Nevertheless, the Court orders Defendant to serve upon the Court (and upon Plaintiff, if it has not already done so) a list of the names in the Rule 26 disclosure, as well as some information identifying who the people are (what role they play), which will allow the Court to determine whether any discovery should be ordered under this request. |
| **Set 5, #23** (135-36, 146) | (Recordings, statements, or investigative reports written by any person [including investigators] and taken from any individuals in Defendant's Rule 26 Initial disclosure Statement and which concern this lawsuit) – The Court is mindful of Defendant's objections, and finds the request overly broad and vague as framed. Nevertheless, the Court's order as to Set 5, #22 also applies here. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9

## **CONCLUSION**

Defendant shall discover documents or provide them for *in camera* review as specified. To facilitate the Court's *in camera* review, the parties shall file an appropriate protective order that limits disclosure of protected documents.

Either the attorney for each defendant or the custodial officer for the defendant's personnel file should schedule a convenient time, on or preferably before **August 23, 2013**, to deliver the documents in question to Judge Snyder's chambers. (The deadline for personnel files is still August 16. Doc. 92.) Scheduling arrangements should be made through Judge Snyder's deputy clerk, Ms. Michelle Rooney.

IT IS SO ORDERED.

DATED: 7/24/2013                         /s/ SANDRA M. SNYDER
                                         UNITED STATES MAGISTRATE JUDGE