Michael G. Woods, #58683
Deborah A. Byron, #105327
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
5 River Park Place East
Fresno, California 93720-1501
Telephone:	(559) 433-1300
Facsimile:	(559) 433-2300

Attorneys for Defendants COUNTY OF TULARE, JULIA LANGLEY, CAROL HELDING and JOHN ROZUM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| PAMELA J. FOX, ON BEHALF OF HERSELF AND AS NEXT FRIEND TO C.M.R., A MINOR,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF TULARE, LETICIA CASTENEDA, ERICA SOTO, RON CASTENEDA, JULIA LANGLEY, CAROL HELDING, JOHN ROZUM, STEVEN D. ROGERS, and DOES 1-100,<br><br>Defendant. | Case No. 1:11-CV-00520 AWI SMS<br><br>**EX PARTE APPLICATION FOR ORDER EXTENDING DEADLINE FOR FILING DISPOSITIVE MOTIONS; AND POINTS AND AUTHORITIES AND ORDER THEREON**<br><br>**[NO HEARING REQUIRED]** |

## **EX PARTE APPLICATION**

Defendants COUNTY OF TULARE, JULIA LANGLEY, CAROL HELDING and JOHN ROZUM hereby apply to this Court, for an order extending the deadline for filing dispositive motions on the grounds that good cause exists for extending the time within which Defendants may move for summary judgment due to Plaintiffs' pending Motion to File Second Amended Complaint.

## **I.**

## **BACKGROUND STATEMENT**

Plaintiff PAMELA FOX, on behalf of herself and minor CMR, filed Complaint for Damages against COUNTY OF TULARE ("COUNTY"), and County Social Workers and Deputy

County Counsel on March 24, 2011. Plaintiffs filed First Amended Complaint for Damages on November 15, 2011. Plaintiffs now seek to file Second Amended Complaint for damages adding a new party, Defendant John Lee, based on conduct occurring in his capacity as a Detective for the Tulare County Sheriff's Department. Neither the original Complaint nor the First Amended Complaint included charging allegations against Detective Lee, or any other officer, based on law enforcement activities, other than claims that Defendant Ron Casteneda, a former officer with the Sheriff's Department, conspired to deprive Plaintiff of the custody of her daughter. The theory against Detective Lee appears to be that he was negligent in failing to follow basic investigative procedures. See Declaration of Deborah A. Byron ("DAB"), ¶ 3. Because the proposed Second Amended Complaint adds a new Defendant under a new theory of liability, Defendants will vigorously oppose Plaintiffs' request for leave to amend.

The Amended Scheduling Conference Order signed by the Honorable Sandra M. Snyder on February 15, 2013, establishes October 7, 2013 as the deadline for filing non-dispositive motions. Plaintiffs filed their motion to amend and supporting documents between the hours of 9:54 p.m. and 11:06 p.m. on October 7, 2013. The statement of counsel re meet and confer efforts was filed on October 8, 2013, after the filing deadline.

This Court's Amended Scheduling Conference order establishes October 28, 2013, as the deadline for filing dispositive motions. Defendants intend to file a motion for summary judgment and/or a partial summary judgment in this case.

Plaintiffs' Motion to File Second Amended Complaint is set for hearing on November 20, 2013. Opposition to the motion is due on November 6, 2013. Therefore, Defendants will be required to move for summary judgment prior to filing opposition to Plaintiffs' motion to amend and prior to this Court's ruling on Plaintiffs' motion. The pleadings provide the framework for a motion for summary judgment under Fed. R. Civ. P. 56. Until the pleadings are finalized, it cannot be determined what particular facts are "material" for purposes of the motion. See Fed. R. Civ. P. 56(a). Defendants will be prejudiced in attempting to identify the facts and issues necessary for resolution by summary judgment, if the pleadings and the parties are uncertain. Consequently, Defendants seek ex parte relief to file motion for summary judgment after this Court has ruled on Plaintiffs' motion for leave to amend.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

2
EX PARTE APPL ORDER EXTENDING DEADLINE FOR FILING DISPOSITIVE MOTIONS/AUTHORITIES

## II.

## LAW AND ARGUMENT

**A.     A Request For Extension Of Time To Plead May Be Made By Ex Parte Application.**

A schedule may be modified for good cause and with the Judge's consent. Fed. R. Civ. P. 16(b)(4). An ex parte application is recognized as an appropriate procedure for seeking an extension of time to file a pleading. See *Gallo Winery v. Andina Licores S.A.,* 2006 U.S. Dist. Lexis 20113, *1-2 (E.D. Cal. 2006); *Hall v. Placer County Sheriff's Department*, 2013 U.S. Dist. Lexis 114348, *1 (E.D. Cal. 2013); *Stewart v. Wachowski*, 2005 U.S. Dist. Lexis 46704, *33 (C.D. Cal. 2005).)

An ex parte motion is proper where the court does not typically need an adversary presentation from the other side in order to make its ruling. See, *In Re Intermagnetics America, Inc.* (C.D. Cal. 1989) 101 B.R. 191, 193. Here Plaintiffs do not oppose the motion. See DAB Dec. ¶ 8. Legitimate ex parte applications are appropriate where there is some genuine urgency to the matter. Ibid.

As set forth in the Declaration of Deborah A. Byron filed herewith, Defendants cannot adequately move for summary judgment and/or partial summary judgment at a time when the pleadings are in flux. Plaintiffs' proposed addition of a new party and new facts to support liability against a detective for negligent investigation of child pornography charges goes well beyond the extant pleadings. Until this Court has ruled on Plaintiffs' motion to amend, the facts and issues as framed by the pleadings will be uncertain. Extending the period for filing Defendants' dispositive motion would not prejudice Plaintiffs. Requiring Defendants to file for summary judgment before the opposition to Plaintiffs' motion is due, would be prejudicial, wasteful of resources, mooted by a ruling in Plaintiffs' favor on Motion to File Second Amended Complaint, and would essentially create an undue burden on the Court and counsel in connection with summary resolution of this matter.

**B.     Good Cause Exists For Extending The Deadline For Dispositive Motions.**

The moving party should be allowed relief by ex parte motion because Defendants will be irreparably prejudiced if this matter were determined according to regular noticed motion procedures. See *Mission Power Engineering Co. v. Continental Cas. Co.* (C.D. Cal. 1995) 883

F.Supp. 488, 492. Defendants could not have a motion to modify the scheduling conference order heard before November 6, 2013, even if such a motion was prepared for filing immediately. Most certainly, the matter could not be heard before the deadline for filing motion for summary judgment. Moreover, the order sought by Defendants is more–or-less a routine matter, in that rescheduling motion deadlines is a matter of procedure rather than substance.

The time period for filing dispositive motions has not yet expired. The Court as well as the parties will benefit from an orderly progression from finalizing of the pleadings to moving for summary judgment. Just as Defendants will be prejudiced by complying with the October 28, 2013 filing deadline, given that the pleadings and parties will be uncertain at that time, the Court cannot reasonably determine whether or not there are triable issues of material fact when the facts are uncertain. Moreover, it is prejudicial to Defendants to be in the position of opposing a motion to file an amended complaint while at the same time being required to prepare a substantial motion under Fed. R. Civ. P. 56.

"Good cause" exists for extending the deadline for filing dispositive motions. Given the approaching deadline for filing motion for summary judgment, it is necessary that Defendants move ex parte to extend the pleading deadline.

### III.
### **CONCLUSION**

Trial in this matter is set for March 25, 2014. Allowing Defendants thirty (30) days within which to file a motion for summary judgment following this Court's ruling on the Motion to file a Second Amended Complaint will not prejudice Plaintiffs or unduly disturb the Court's scheduling order. It is simply not possible for Defendants to frame a motion for summary judgment at a time when the pleadings are not final. Plaintiffs do not oppose this Ex Parte Application.

///
///
///
///
///
///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

4

EX PARTE APPL ORDER EXTENDING DEADLINE FOR FILING DISPOSITIVE MOTIONS/AUTHORITIES

For all the reasons set forth above, this Court is respectfully requested to grant Defendants' Ex Parte Application to extend the deadline for filing dispositive motions from October 28, 2013 to thirty (30) days following this Court's ruling on Plaintiffs' Motion to File Second Amended Complaint.

Dated: October 8, 2013

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Deborah A. Byron
Michael G. Woods
Deborah A. Byron
Attorneys for Defendants COUNTY OF TULARE, JULIA LANGLEY, CAROL HELDING and JOHN ROZUM

### ORDER GRANTING EX PARTE APPLICATION

Defendants having shown good cause for the extension of time to file dispositive motions, and there being no opposition by Plaintiffs, this Court grants Defendants' Ex Parte Application and orders the Scheduling Conference Order modified to establish a deadline for filing motion for summary judgment and/or partial summary judgment not later than thirty (30) days following this Court's ruling on Plaintiffs' Motion to File Second Amended Complaint.

IT IS SO ORDERED.

IT IS SO ORDERED.

Dated: **October 9, 2013**    /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE