**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA FOX, ON BEHALF OF HERSELF AND AS NEXT FRIEND TO C.M.R., A MINOR,<br><br>                      Plaintiffs,<br><br>   vs.<br><br>COUNTY OF TULARE, LETICIA CASTANEDA, ERICA SOTO, RON CASTANEDA, JULIA LANGLEY, CAROL HELDING, JOHN ROZUM, STEVEN ROGERS and DOES 1-100,<br><br>                      Defendants. | Case No. 1:11-cv-00520-AWI-SMS<br><br>ORDER DENYING PLAINTIFFS' REQUEST FOR RECONSIDERATION<br><br>(Doc. 146) |

On December 4, 2013, Plaintiffs filed a request for "clarification" of the Court's orders concerning designation of attorney and non-attorney experts (docs. 130 and 132). The request does not identify any aspect of these orders which needs clarification. Rather, it refers the Court to proposed stipulations, which were rejected by opposing counsel, allowing certain experts to "rely upon and offer opinions originally given by" certain other, stricken, experts "in their reports or in deposition" as long as those testifying experts have "an independent understanding of the facts and basis for the previous opinions." (For clarity, the Court will hereafter refer to these as "remaining experts" and "stricken experts.") Plaintiffs then filed this motion, adding that they would not designate their chosen experts until the Court had ruled on the matter. Doc. 146-1 at ¶17.

1

The Court understands this request to be in two parts, "rely upon" and "offer." The "rely" issue is vague. It is not logically clear how an expert can "rely" upon opinions when they have "an independent understanding of the facts and basis for the previous opinions." To the extent that an expert made it clear in his opinion that he relied on the opinion of another expert who was later stricken, this poses a different issue than the expert who "relied" upon an opinion in his report but did not state so explicitly; the latter is obviously improper, and the former appears to be outside the scope of the parties' disagreement.

What seems to be at issue here is the "offer" issue. That is, Plaintiffs ask to allow their remaining experts to articulate new opinions that these experts did not previously include in their reports, so long as these new opinions are identical to opinions that were stated by a stricken expert. Logically, this implies that the "remaining" expert was fully capable of articulating a larger set of opinions than he provided in his report, but did not do so, for reasons unknown. Plaintiffs ask the Court to view the striking of some experts as sufficient occasion to give the others a second opportunity to express all the opinions that they are capable of expressing in this case.

As Defendants note, although Plaintiffs have framed their request as a motion for clarification, it is, in essence, a motion for reconsideration. It is a basic principle of federal practice that courts generally refuse to reopen decided matters. *MagneSystems, Inc. v. Nikken, Inc.,* 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Makatami,* 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration is appropriate if the district court is presented with newly discovered evidence; has committed clear error or the initial decision is manifestly unjust; or there is an intervening change in controlling law. *School District IJ, Multnonah County v. AC & S, Inc. 5 F.3d* 1255, 1263 (9th Circuit 1993). Plaintiffs have made no such showing here.

The Court reiterates its prior findings. In its order on attorney experts, the Court concluded, "No more than one would be necessary," and it reached this conclusion based on its review of the experts' reports, which, in the court's opinion, were "largely redundant." The same was true of the Court's findings regarding non-attorney experts. The Court wrote: "Geffner's report rarely departs from a handful of themes which are equivalently discussed in Suter's report." Regarding Geffner's

2

report, the Court identified only two "unique" opinions—neither of which had been lawfully connected to any theory of the case—and otherwise concluded that "the opinions in this report can generally be found in either Suter's or Lawson's reports."

It is true that the Court did not state explicitly whether remaining experts could adopt the opinions of stricken ones. However, this can hardly be attributed to a lack of clarity by the Court. Previously, responding to Defendants' argument that their choice of experts was "needlessly duplicative," Plaintiffs pointed to differences between the reports to show how each expert possessed areas of expertise that the others were unable to testify to. This became the central issue at stake in these orders, and the Court painstakingly compared the experts' reports in order to discern the degree of overlap (which, the Court concluded, was substantial enough to overwhelm the small number of "unique" opinions). Now Plaintiffs reverse themselves, informing the Court for the first time that each expert <u>could have</u> testified to a great deal more. If so, the time to disclose these additional opinions was in the expert report. That the Court is only learning of this now suggests that certain reports were left incomplete for strategic reasons. Plaintiffs will not be heard to make this argument now.

Plaintiffs had a fair opportunity to solicit each expert's opinion during the discovery process. Plaintiffs shall inform Defendants of their chosen experts within THREE days of service of this order. These chosen experts may not testify beyond the reports that they have already prepared. Plaintiffs' motion is DENIED.

IT IS SO ORDERED.

Dated:  **January 8, 2014**                    **/s/ Sandra M. Snyder**
                                                                    UNITED STATES MAGISTRATE JUDGE