# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA J. FOX, ON BEHALF OF HERSELF AND AS NEXT FRIEND TO D.M.R., A MINOR,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF TULARE, LETICIA CASTANEDA, ERICA SOTO, RON CASTANEDA, JULIA LANGLEY, CAROL HELDING, JOHN ROZUM, STEVEN D. RODGERS and DOES 1-100,<br><br>Defendants. | 1:11-cv-O520  AWI SMS<br><br><br>ORDER ON DEFENDANTS' JOINT MOTION FOR RECONSIDERATION<br><br>Doc. # 241 |

On January 21, 2014, defendants County of Tulare, Carol Helding, Julia Langley and John Rozum (the "County Defendants") filed a motion for summary judgment.  Defendants Leticia Castaneda, Ron Castaneda and Erica Soto (the "Individual Defendants") (collectively, "Defendants") filed their motion for summary judgment on the same day.  On January 29, 2014, Plaintiffs Pamela J. Fox and D.M.R. ("Plaintiffs") filed a request for an extension of time to file oppositions to Defendants' motions.  The request for extension of time was granted on February 14, 2014.  Plaintiffs were ordered to file their opposition not later than March 17, 2014, and Defendants' reply was ordered due on March 24, 2014.  In the time between the request for extension of time and the due date of March 17, 2014, Plaintiffs filed an unsuccessful motion

and amended motion for default judgment as to Defendant Steven Rogers. On March 4, 2014, Plaintiffs filed a motion for an additional 30-day extension of time to file their opposition, which was granted on March 11, 2014. On April 17, 2014, Plaintiffs filed their opposition to Defendants motions for summary judgment. On April 24, 2014, Defendants filed a joint motion to strike Plaintiffs' opposition based primarily on the fact Plaintiff's opposition contained numerous erroneous citations to evidence as well as numerous citations that were not filled in. On April 28, 2014, Plaintiffs' acknowledged the numerous errors in their opposition and filed a motion pursuant to F.R.C.P. 60(b)(1) for leave to file a corrected/amended pleading. On April 2, 2014, the court granted Plaintiffs' request for relief pursuant to Rule 60(b)(1) and granted five days from the date of filing of the order to submit a corrected opposition. During the pendency of Plaintiffs' Rule 60(b)(1) motion, both the county and individual Defendants withdrew their joint motion to strike and moved for extensions of time to file a reply. Doc. #'s 237, 238, both filed April 30, 2014.

On April 1, 2014, the court granted County Defendants' motion for extension of time but overlooked the Individual Defendants' motion and did not explicitly include the individual Defendants in the order. Because of the wording of the County Defendants' proposed order on their motion to extend time, the court ordered their reply brief due on a date certain – May 9, 2014. In contrast, the court followed its usual practice with regard to Plaintiffs' request for Rule 60(b) relief and granted the extension to run from the date of filing of the order. Some confusion ensued and currently before the court is the joint motion by Defendants for reconsideration or clarification of the court's order granting Plaintiff's request for Rule 60(b) relief.

Defendants request for reconsideration/clarification raises three substantive issues: (1) reconsideration of the court's order under authority of Rule 60(b); (2) reconsideration in light of Defendants' claim of prejudice; and (3) clarification of due dates of Defendants' reply.

**A. Authority to Grant Leave to Amend Pleading**

Defendants object that Rule 60(b) is an improper vehicle for amendment of a pleading inasmuch as Rule 60 applies to relief from judgment. Defendants are correct. The proper source

of authority is the inherent discretionary power of the court as expressed in part in Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides, in pertinent part: ""a party may amend its pleading only with the opposing party's consent or the court's leave." It is well settled that a court has inherent authority to allow amendment or correction of pleadings at any stage of the proceeding. See <u>Eberly v. Moore</u>, 65 U.S. 147, 1860 WL 9942 (U.S. Tex. 1860)) at *8 ("The equitable jurisdiction of the courts of the United States as courts of law is chiefly exercised in the amendment of pleadings and proceedings in the court, and in the supervision of all the various steps in a cause, so that the rules and practices of the court shall be so administered and enforced as to prevent hardship and injustice, and that the merits of the cause may be fairly tried."); <u>Suffel v. Bosworth</u>, 95 F.2d 494, 497 (9th Cir. 1938) ("The court may likewise, in its discretion, and after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars").

    The court exercised its discretion to allow correction of Plaintiff's opposition in the interests of the efficient administration of its own resources and because it benefits the consideration of the case on the merits if Plaintiff's opposition is presented in the form Plaintiff's intended. Casual observation of Plaintiff's opposition as originally submitted would show that its submission in that form was an error. It is unfortunate the court followed Plaintiff's lead in citing to Rule 60. A more accurate citation would have communicated that the court granted the request for leave to amend/correct because it has the discretionary authority to do so.

**B. Prejudice**

    Defendants have jointly pled that they are were prejudiced by the court's grant of leave to amend because they had already invested some 509 hours of work in crafting their response to Plaintiff's opposition. It seems to the court that Defendants are largely responsible for having inflicted these costs on themselves. Plaintiff's opposition, as originally submitted was, as Defendants have noted, conspicuously flawed with incomplete citations, editorial comments and other features that obviously were not intended to be part of the finished product. The court is frankly at a loss to see why Defendants' attorney did not call the opposing attorney to find out

what the problem was and file a one-page stipulation to allow for correction.  As the parties are, or should be aware, this court is highly backlogged do to a very high workload and vacant judgeships.  Defendants' motion for summary will await its turn on the shelf and the parties should be aware there is little to be lost in taking the extra time to allow all parties to submit pleadings that are in final form.  The court does not find that Defendants are prejudiced by the court's grant of leave to amend/correct.

### C. Due Dates

It was the court's intention to grant Defendants an extra week to prepare their reply brief beyond what would normally be allowed in view of the length of the opposition and the rather massive amount of material submitted in opposition. The court intends to abide by that grant of extension.  The court notes that Plaintiff's amended opposition was filed as of the date of this writing, May 8, 2014.

The court therefore hereby ORDERS that Defendants' reply or replies to Plaintiff's opposition to the motion for summary judgment be filed and served not later than Friday, May 23, 2014.  In all other respects, Defendants motion for reconsideration is DENIED.  The court will take the matter under submission as of the date of filing of Defendants' reply or replies. The hearing date of May 12, 2014, which is currently set for consideration of Defendants' joint motion for reconsideration is hereby VACATED and no party shall appear at that time.  Any hearing date that was formerly set for oral argument on Defendants' motion for summary judgment remains vacated.

IT IS SO ORDERED.

Dated:   May 8, 2014                              _____
                                                  SENIOR  DISTRICT  JUDGE