IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA J. FOX, ON BEHALF OF HERSELF AND AS NEXT FRIEND TO D.M.R., A MINOR,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF TULARE, LETICIA CASTANEDA, ERICA SOTO, RON CASTANEDA, JULIA LANGLEY, CAROL HELDING, JOHN ROZUM, STEVEN D. RODGERS and DOES 1-100,<br><br>Defendants. | 1:11-cv-00520  AWI SMS<br><br><br>ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOLLOWING PARTIES' SUBMISSIONS IN REPSONSE TO COURT'S ORDER TO SHOW CAUSE<br><br><br>Doc. # 162 |

On July 24, 2014, the court issued an order on Defendants' motions for summary judgment or summary adjudication (hereinafter the "July 24 Order"). The July 24 Order indicated that the court had preliminarily determined that Plaintiffs' federal claims pursuant to 42 U.S.C. §§ 1983 and 1985 were not viable because Plaintiffs failed to allege facts or law to show that the conduct alleged by Defendants violated any right guaranteed by the United States Constitution or by federal statute. The court noted, however, that the grounds upon which the court based its preliminary decision had not been fully briefed by the parties and that an opportunity would be given for further briefing to show cause why the court's preliminary

decision should not be made final.  Plaintiffs filed their response to the court's July 24 Order on August 7, 2014, and both Defendant parties filed their responses on August 21, 2014.

The court has reviewed Plaintiffs' response and finds it generally repeats the factual assertions set forth in Plaintiffs' First Amended Complaint ("FAC") and reasserts the previously-rejected contention that the decision of a family court judge allocating physical custody of a minor child between biological parents implicates a constitutionally guaranteed right under the First and/or Fourteenth Amendments.  The court's July 24 Order noted that the term "custody" as used in family law has two aspects; the aspect of the parents' participation in, and support of, the child's activities, and the aspect of physical custody of the child.  As the court endeavored to point out, the first aspect is always shared coequally between the biological parents and the second aspect is, by physical necessity, apportioned between the biological parents in the "best interests of the child."  See Doc. # 266 at 12:9-18.  As the court explained, the first aspect has a constitutional dimension and the second – the apportionment of the child's physical custody – does not.

Plaintiffs response to the court's July 24 Order continues to conflate these two aspects in order to assert that Plaintiff, as a result of one of the several decisions by the family court, was "stripped" of constitutionally protected rights.  The court has explained how the allocation of physical custody of a child does not implicate a constitutional right of either the parent or the child so long as; (1) the right of either parent to participate in support and guidance of the child is not impaired, and (2) so long as the decision regarding the physical custody of the child is make in respect of adequate due process.  The court's July 24 Decision reviewed the record of determinations by the family court and the factual allegations of the parties and determined that Plaintiffs were not denied the constitutionally-guaranteed right to participation in each other's lives by any decision of the family court and that the proceedings in the family court satisfied the requirements of due process.  The court, having reviewed Plaintiffs' response to the July 24 Order can find no reason to change that determination.

The court has also reviewed Plaintiffs' response with regard to their claims under theories of state created danger (claim one), conspiracy to interfere with a constitutional right in violation of 42 U.S.C. § 1985 on the basis of gender (claim three), and conspiracy to interfere with a civil right in violation in violation of 42 U.S.C. § 1083 (claim four).  The court continues to find that each of these claims lacks merit for the reasons set forth in its July 24 Order.

In reviewing the submission of Plaintiffs in response to the court's July 24 Order, the court can find no reason to add to, change, or subtract from that order.  The court therefore incorporates that order here by reference and now finalizes the order proposed therein.

THEREFORE, for the reasons set forth in the court's July 24 Order, Document Number 266, it is hereby ORDERED that Defendants' motions for summary judgment are hereby GRANTED.  The clerk of the court shall enter judgment as to Plaintiff's first, second, third and fourth claims for relief as to all Defendants.  The court hereby DECLINES to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to Rule 1367(c) of the Federal Rules of Civil Procedure for the reasons set forth in the court's July 24 Order.  The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

Dated:   September 25, 2014                              _____
                                                                                  SENIOR  DISTRICT  JUDGE